15-572-cr
United States v. Crozier

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand sixteen.

PRESENT: JOHN M. WALKER, JR.,
REENA RAGGI,
PETER W. HALL,
   *Circuit Judges.*

----------------------------------------------------------------------
UNITED STATES OF AMERICA,
   *Appellee*,

  v.                No. 15-572-cr

RALPH CROZIER,
   *Defendant-Appellant.*
----------------------------------------------------------------------

APPEARING FOR APPELLANT:    MICHAEL S. HILLIS, Dombrowski Hillis LLC, New Haven, Connecticut.

APPEARING FOR APPELLEE:    RAHUL KALE, Assistant United States Attorney (Marc H. Silverman, Assistant United States Attorney, *on the brief*), *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Chief Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 17, 2015, is AFFIRMED.

Defendant Ralph Crozier stands convicted after a jury trial of conspiracy to commit money laundering and attempted money laundering. See 18 U.S.C. § 1956(a)(1)(B)(i), (a)(3)(B). On appeal, Crozier argues that (1) the district court erred in striking his appearance as co-counsel, and (2) the evidence was insufficient to support his conviction. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.     Appearance as Co-Counsel

Crozier, a practicing attorney for approximately 38 years, challenges the district court's striking of his appearance as co-counsel in his own defense. We review that decision for abuse of discretion, see United States v. Stevens, 83 F.3d 60, 67 (2d Cir. 1996), which we do not identify here.

Insofar as Crozier's argument relies on the Sixth Amendment, it fails because "a criminal defendant has no constitutional or statutory right to represent himself as co-counsel with his own attorney." United States v. Tutino, 883 F.2d 1125, 1141 (2d Cir. 1989); accord United States v. Stevens, 83 F.3d at 67. Rather, the decision to grant or deny such "hybrid representation lies solely within the discretion of the trial court." United States v. Stevens, 83 F.3d at 67 (internal quotation marks omitted). Although Crozier submits that his trial experience was a sufficiently "compelling reason to justify his appearance as co-counsel," United States v. Tutino, 883 F.2d at 1141, we identify no abuse of discretion in the district court's contrary conclusion, which was reached upon

careful consideration that (1) Crozier was not complaining of inadequate representation by counsel of record; (2) Crozier could potentially use his role as co-counsel to make statements to the jury while avoiding cross-examination; and (3) there was a high likelihood of juror confusion, particularly if Crozier cross-examined Bruce Yazdzik, Crozier's former client and the government's main witness. See United States v. Stevens, 83 F.3d at 67 (concluding that district court did not abuse discretion in denying defendant's request to appear as co-counsel where defendant did not claim inadequate representation by his counsel and defendant's appearance would be disruptive); United States v. Tutino, 583 F.2d at 1141 (concluding that denial of defendant's motion to appear as co-counsel was "sound exercise" of district court's discretion in light of concern that defendant would use role to testify without taking stand).

Accordingly, Crozier's hybrid representation challenge fails.

2. Sufficiency Challenge

We review a sufficiency challenge de novo and must affirm the conviction if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); accord United States v. Kozeny, 667 F.3d 122, 139 (2d Cir. 2011). In conducting such review, we are mindful that "[d]irect evidence is not required" and that "the government is entitled to prove its case solely through circumstantial evidence, provided, of course, that the government still demonstrates each element of the charged offense beyond a reasonable

3

doubt." United States v. Lorenzo, 534 F.3d 153, 159 (2d Cir. 2008) (internal quotation marks omitted).

As an initial matter, to the extent Crozier argues insufficient evidence to challenge the denial of his Fed. R. Crim. P. 29 motion, he waived this argument by thereafter presenting a defense and, accordingly, we evaluate his sufficiency challenge based on the entire record. See United States v. Velasquez, 271 F.3d 364, 372 (2d Cir. 2001). In particular, because Crozier testified in his own defense at trial, the jury was entitled to disbelieve him and to "use its disbelief to supplement the other evidence against him." United States v. Stanley, 928 F.2d 575, 577 (2d Cir. 1991); see also United States v. Rahman, 189 F.3d 88, 128 (2d Cir. 1999) (stating that jury could have concluded that defendant gave "sometimes false and often strained testimony" because he was conscious of his own guilt).[1]

a.    Conspiracy To Commit Money Laundering

With respect to his conspiracy conviction, Crozier argues that there was insufficient evidence to prove (1) an agreement between Crozier and his former client, Yazdzik, to launder Yazdzik's drug proceeds by investing them in a legitimate business; (2) Crozier's knowledge that the investment was designed to conceal the proceeds of specified unlawful activity, see 18 U.S.C. § 1956(a)(1)(B)(i); and (3) his knowledge that $30,000 Yazdzik gave Crozier to invest represented illicit proceeds. See United States v. Garcia, 587 F.3d 509, 515 (2d Cir. 2009) (explaining agreement element of money

---

[1] In sentencing Crozier, the district court specifically found that he falsely testified at trial and applied a two-level sentencing enhancement for obstruction of justice. See U.S.S.G. § 3C1.1. Crozier does not challenge that conclusion on appeal.

4

laundering conspiracy); United States v. Gotti, 459 F.3d 296, 334 (2d Cir. 2006) (describing elements of money laundering under § 1956(a)(1)(B)(i)). We disagree.

Yazdzik's trial testimony, viewed most favorably to the government, showed that in approximately April 2011, he approached his then-attorney Crozier about investing $100,000 of his oxycodone proceeds because he wanted to "figure out something . . . legitimate to do" with the money. Trial Tr. 124. Although Yazdzik did not explicitly tell Crozier that the money constituted drug proceeds, a jury could reasonably have inferred Crozier's knowledge from, among other facts, (1) Crozier's past representation of Yazdzik on a charge of possession with intent to sell oxycodone; (2) Crozier's assistance in setting up businesses to make it "look like [Yazdzik had] some legal money coming in," id. at 104, 110; (3) Yazdzik's testimony that he told Crozier "everything" about his supplier's oxycodone operation, including that Yazdzik sold oxycodone, when, in April 2011, Yazdzik turned in the supplier to seek a reduced probation period, id. at 121; and (4) Crozier's post-arrest statement that "it was obvious" that Yazdzik was "up to his neck in dealing drugs," id. at 457. Further, when Yazdzik followed Crozier's advice to invest $30,000 in a solar energy company, Brightside Solar, LLC, Crozier deposited the money in small increments into various bank accounts before transferring it to Brightside, explaining to Yazdzik that he was not simply avoiding reporting obligations but ensuring that authorities did not notice "that type of money" coming in. Id. at 134. Such a statement admits an inference of intent to conceal the criminal source of the money. Moreover, one of Brightside's owners testified that Crozier and his law partner represented that the $30,000 investment was a lawsuit award. Such a falsehood further

5

supports an inference of Crozier's guilty knowledge as to the criminal source of the money as well as intent to launder. Thus, a reasonable jury could conclude from the totality of the evidence that Crozier entered into a conspiratorial agreement with Yazdzik to launder drug proceeds. See United States v. Desimone, 119 F.3d 217, 223 (2d Cir. 1997) (explaining that conspiratorial agreement may be established by proof of "tacit understanding among the participants," and that membership in conspiracy requires "proof of purposeful behavior aimed at furthering" goal of conspiracy); see also United States v. Diaz, 176 F.3d 52, 92 (2d Cir. 1999) (holding that conviction can be sustained on basis of testimony of single accomplice, so long as testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt).

United States v. Stephenson, 183 F.3d 110 (2d Cir. 1999), on which Crozier relies, warrants no different conclusion. There, this court held that "absent proof of intent to conceal, an ordinary purchase made with ill-gotten gains does not violate the money laundering statute" and concluded that the defendant's "open and notorious" purchase of a car with drug proceeds did not evidence an intent to conceal a specified attribute of those proceeds. Id. at 121 (internal quotation marks omitted). But as the evidence just discussed indicates, here there was ample proof of Crozier's intent to conceal the criminal source of Yazdzik's investment funds; the government did not rely solely on the transaction and Crozier's avoidance of reporting requirements to demonstrate intent. Cf. id. at 122 (explaining that "[e]vidence of intent to evade a reporting requirement cannot . . . in and of itself satisfy the 'intent to conceal' element of" § 1956(a)(1)(B)(i) (emphasis added)). Nor are we persuaded by Crozier's argument that the transaction did not

6

conceal Yazdzik's involvement because he openly executed a note for his $30,000 investment. Section 1956 requires only that the transaction be designed to conceal or disguise <u>one</u> of the specified attributes of the proceeds, not <u>all</u> attributes. <u>See</u> 18 U.S.C. § 1956(a)(1)(B)(i) (stating that transaction must be "designed in whole or in part . . . to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity"); <u>see also</u> <u>United States v. Kinzler</u>, 55 F.3d 70, 73 (2d Cir. 1995) (holding that § 1956(a)(1)(B)(i) does not require attempt to conceal identity of defendant). Here, evidence of a common scheme to conceal the criminal <u>nature</u> and <u>source</u> of the proceeds was sufficient to sustain Crozier's conviction.

      b.     <u>Attempted Money Laundering</u>

Crozier's conviction for attempted money laundering was based on a sting operation, conducted after Yazdzik's 2012 conviction for conspiracy to distribute oxycodone. In the sting, Yazdzik's mother, then working with law enforcement, asked Crozier to hold $11,000 of Yazdzik's money. She represented the money as constituting the proceeds from one of Yazdzik's "shipments." Appellant App'x 107; <u>see</u> 18 U.S.C. § 1956(a)(3)(B). Crozier submits that the evidence was insufficient to show that the transaction was designed to disguise or conceal a specified attribute of the drug proceeds and that he had the intent to conceal.[2]

---

[2] Crozier also argues in his reply brief that the evidence was insufficient to establish that Crozier took a "substantial step" toward commission of the money laundering offense. <u>See</u> <u>United States v. Farhane</u>, 634 F.3d 127, 145 (2d Cir. 2011). Because this argument was raised for the first time in Crozier's reply brief, we treat it as waived. <u>See</u> <u>United States v. George</u>, 779 F.3d 113, 119 (2d Cir. 2015) ("We generally treat arguments raised for the first time in a reply brief as waived."). Thus, we do not discuss whether taking

These arguments are defeated by the recordings of two meetings between Yazdzik's mother and Crozier, the second of which involved the transfer of $11,000. During their first meeting, when Yazdzik's mother explained that Yazdzik needed money in prison and asked Crozier for the accrued interest on Yazdik's $30,000 investment, Crozier asked if there was an order of restitution for Yazdzik's recent drug conviction and explained that the "feds . . . didn't take everything because I know he was hiding in [inaudible]." Appellant App'x 100–01; see also id. at 101 (Crozier stating that "[c]ash was hidden and he told me where some of the places where the cash was hidden").

Yazdzik's mother returned to Crozier's office a few months later, in April 2013, and explained that, since their last meeting, Yazdzik had told her where he was hiding money from "[h]is shipments." Id. at 107. She explained that Yazdzik asked her to give the $11,000 she found to Crozier "so that when [Yazdzik] gets out he'll have money." Id. at 108. Crozier then agreed to hold the money for Yazdzik or loan it to a third party to earn interest. Providing Yazdzik's mother with a receipt stating "Bruce Yazdzik, eleven thousand, eleven thousand to be counted to be held for client Ralph C. Crozier," Crozier explained that he had not put the receipt in her name because he did not want her "involved with hiding things from the feds." Id. at 110. Further, he told her not to give Yazdzik the receipt in prison because "then they'll know he has money cause they want money." Id. This evidence, taken together with (1) Crozier's post-arrest statement that

physical possession of money belonging to another for the express purpose of laundering it is more than preparation but, rather, a substantial step toward the crime of money laundering. Cf. United States v. Farhane, 634 F.3d at 147 (explaining that government failed to prove substantial step toward possession of heroin where there was no evidence of "any act to effect possession, such as acquisition, or attempted acquisition").

he "[messed] up" and did not conduct "due diligence with respect to accepting the $11,000," Trial Tr. 458–59, and (2) evidence that Crozier previously helped Yazdzik launder money, was sufficient for the jury to conclude that Crozier attempted to engage in a financial transaction with the intent to conceal or disguise, among other things, the location of the $11,000, which he believed to be the proceeds of specified unlawful activity, i.e., the sale of oxycodone. See 18 U.S.C. § 1956(a)(3)(B). Insofar as Crozier argues that the receipt bearing Yazdzik's name demonstrates that there was no intent to conceal or disguise a specified attribute of the drug proceeds, that argument fails for the reasons discussed above with respect to the $30,000 investment.

In sum, when the totality of the evidence is viewed in the light most favorable to the government, which includes its apparent disbelief as to Crozier's testimony, the sufficiency challenge fails as to both counts of conviction.

3. Conclusion

We have considered Crozier's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the district court's judgment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

9